**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

Abdullah Ali,

Plaintiff,

v.

Spartan Protection, Inc.,
a Minnesota Corporation, and
Thies & Talle Management, Inc.,
a Minnesota Corporation,

Defendants.

Civil File No.: 01-1910 PAM/JGL

**STIPULATION AND PROTECTIVE ORDER**

---

**IT IS HEREBY STIPULATED AND AGREED** by the parties to this action, acting through their undersigned attorneys, that the Court may issue an order as follows:

1. Any party producing documents or information pursuant to court order or through discovery in this action may designate the documents or information confidential.

2. Documents and information may be designated as confidential in the following manner:

a. by imprinting the word "CONFIDENTIAL" on the first page or cover page of any document produced;

b. by imprinting the word "CONFIDENTIAL" next to or above any answer to an interrogatory;

c. by informing the requesting party's attorney in writing that certain documents that they may inspect are confidential;

FILED APR
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

d. with respect to portions of a deposition or hearing transcript, (1) by making arrangements with the court reporter to bind the confidential portions of the transcript separately and to label them "CONFIDENTIAL," or (2) by placing a statement on the record in the course of the deposition or hearing; or

e. with respect to examinations and reports by medical experts regarding past medical history, psychological injury, emotional distress, or reputation information, by agreement of counsel, all information is regarded as confidential and all documents, reports, notes, test results, etc., concerning Plaintiff, whether marked "CONFIDENTIAL" or not, will be treated as confidential.

3. In the event the parties do not agree to the designation of a document or information as confidential, the document or information, or so much of it as necessary to describe it, may be produced to the court for a ruling on confidentiality. If any such document or information has been pre-marked "CONFIDENTIAL," but is determined by the court to not be confidential, the "CONFIDENTIAL" marking shall be removed or masked. Failure of any party to assert that any document or information alleged to be confidential is not confidential shall not be deemed as an admission that any such document or information does in fact contain confidential information.

4. Unless and until otherwise ordered by the court, documents and information designated "CONFIDENTIAL," and information derived therefrom, shall not be disclosed to anyone other than the following:

a. the parties' attorneys of record, persons employed by them, and persons who employ them;

b. the parties and their officers and management personnel;

c. expert witnesses who have, prior to the disclosure of the confidential documents or information, agreed in writing to be bound by the terms of this stipulation and order;

d. the court and its staff;

e. court reporters, to the extent necessary to conduct depositions, hearings, or the trial of this action;

f. such other persons as agreed in writing by the parties; and

g. such other persons as approved by the court after notice and hearing.

5. The persons to whom paragraph 4 above permits disclosure of confidential documents and information shall make no use of the confidential documents and information other than to conduct this litigation.

6. All pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, and other papers filed with the court that contain any confidential information shall be marked "CONFIDENTIAL." Such documents shall be field with the court in a sealed envelope and endorsed with the caption of this action, the purpose to which they relate, and a statement in the following form:

> This envelope contains documents filed in this action, generally described as [title or description of document], and is not to be opened, except for review by the Court, nor are the contents thereof to be disclosed, except by order of the Court.

7. Before trial, counsel for the parties shall agree to the appropriate means of protecting the confidentiality of the documents and information that counsel desire to present at trial. If they cannot reach an agreement, they shall apply to the court for resolution of the issue.

8. There shall be no reproduction whatsoever of any confidential documents and information, except that, as required in the course of this action, copies, excerpts, or summaries may be shown or given to those persons authorized by this stipulation and order to receive such documents and information.

9. In the event the parties desire to provide access to confidential documents and information to persons not identified in paragraph 4 above, they shall obtain prior written approval from all counsel or move the court for an order that such persons may be given access to the documents or information. In the event all counsel approve the disclosure or the court grants the motion, such persons may have access to the documents or information if they agree in writing, prior to disclosure, to be bound by the terms of this stipulation and order.

10. All documents and information identified as "CONFIDENTIAL," including all copies, excerpts, and summaries, must be retained in the custody of counsel or other persons authorized by this stipulation and order during the pendency of this action, except as provided in paragraph 9 above.

11. The order entered pursuant to this stipulation shall be entered without prejudice to the right of any party to the stipulation to apply to the court at any time for additional protection, or to relax or rescind the restrictions of the order, when convenience or necessity requires. However, until modified by written agreement of the undersigned attorneys or by additional order of the court, the confidential documents will be treated in accord with the terms of this stipulation and order.

12. At the conclusion of this action, including all appeals, all confidential documents or information and all copies thereof shall be promptly returned to the producing party's counsel or be destroyed.

**LAW OFFICES OF JORDAN S. KUSHNER**

Dated: 3/30/02

By: ______________________________
Jordan S. Kushner, #219307
Attorney for Plaintiff
Sexton Building, Suite 636
529 South 7th Street
Minneapolis, MN 55415
(612) 288-0545

**JOHNSON & LINDBERG, P.A.**

Dated: 4/10/02

By: ______________________________
Mark J. Peschel, #160921
Molly K. Thompson, #305819
Attorneys for Defendant Spartan Protection
7900 International Drive
Suite 960
Minneapolis, MN 55425-1582
(952) 851-0700

**ELLIOT LAW OFFICES**

Dated: ______________________________

By: ______________________________
Patrick H. Elliot, #134661
Attorney for Defendant Thies & Talle
Management, Inc.
304 York Business Center
3209 West 76th Street
Edina, MN 55435
(952) 831-2400

**IT IS SO ORDERED.**

Dated: April 15, 2002

______________________________
Jonathan G. Lebedoff
Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.